Kyle Kinney (Bar No. 027189)
**JOHNSON FINDSEN & KINNEY, PLLC**
7279 East Adobe Drive
Suite D-120
Scottsdale, Arizona 85255
Phone: (480) 584-6664
Fax: (866) 801-7292
Email: Kyle@JFK-Law.com

*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| DM2 Enterprises, L.L.C., | Case No. 2:11-bk-19817-GBN |
| Debtor. | **OBJECTION TO PROOF OF CLAIM #3 FILED BY CITY OF MESA** |

COME NOWS the above-named debtor, by and through counsel, Kyle A. Kinney, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and files this objection to the claim filed by the City of Mesa at Claim #3 and in support hereof would show the following:

1. This case was commenced by the filing of a petition with the Clerk of this court on July 12, 2011.

2. On or about August 22, 2011, City of Mesa ("Creditor" or "City") filed a purported proof of claim in the secured amount of $10,170.09 with a secured status.

3. The Creditor's claim is based upon a "sales tax" relating to rental income allegedly received by DM2 Enterprises, LLC ("DM2" or "Debtor") from its tenant, DM Automotive, LLC ("Tenant"). The claim form and attached documents do not satisfy the mandatory requirements of FRBP 3001(c). The Proof of Claim was not executed and filed in accordance with Rule 3001(c). Creditor's claim lacks prima facie validity.

4. The claim does not satisfy the requirements as set forth in 11 U.S.C. § 502(b)(1) as it is unenforceable for the reasons stated below.

## BACKGROUND

5. The basis for City's proof of claim is a city of Mesa ordinance, believed to be Section 5-10-445 that requires lessors to pay rental income obtained from lessees of commercial buildings. However, in this case, Debtor (lessor) never collected a rent or lease payment from Tenant, as City alleges. Instead, Tenant would make mortgage payments directly to Zions First National Bank (the "1st Position Lien") and to the servicer for a Small Business Association Loan (the "2nd Position Lien"). There was no rent for City to tax.

6. Next, City does not describe how they arrived at the rental amount for which to impose their tax. City simply uses a baseless arbitrary figure and fails to show any due diligence as to how City arrived at such a figure. Furthermore, City fails to identify an individual (or individuals) who came up with the number for the Debtor to depose.

7. Moreover, Debtor is immune from paying such a tax through A.R.S. § 42-6004(A)(12) as Debtor is the sole member of both Debtor and Tenant.

## ARGUMENT

8. City cannot possiblly tax rental or lease payments that were never made, and even assuming *arguendo* that it could, then City has no rational basis for the "rent" payment, which claims to be owed back taxe,s as City has failed to provide any justification for the lease amount which it used.

9. Again, Debtor had not received rental payments until entering into a lease agreement with Tenant on or about July 1, 2011.

10. In April, 2011, A.R.S. § 42-6004(A)(12) was enacted, which prohibits a municipality, like City, from imposing a rental or "privilege" tax (as City calls it) upon a corporation owned 80% or more by an individual (Debtor) who rents to another corporation owned 80% or more by the same individual (Tenant). Therefore, any taxes claimed by City that have accrued after April, 2011 are invalid by plan statute.

11. Next, while there currently is no retroactive effect for this amendment to the statutes, there have continually been modifications to apply amendments retroactively for other amendments to the same statute.

12. A portion of this section (A.R.S. § 42-6004) as amended by Laws 2008, Ch. 303, applies retroactively to taxable periods beginning September 1, 2006.

13. The Amendment of this section by Laws 2006, 386, was purportedly effective for taxable periods beginning from and after August 31, 2006. However, the general effective date for the Forty-Seventh legislature, Second Regular Session, was September 21, 2006.

14. Subsection A, Paragraph 10 of this section, as amended by Laws 2006, Ch. 171, applies retroactively to taxable periods beginning July 1, 1999.

15. Subsection C, Paragraph 4 of this section, as amended by Laws 1998, Ch. 272, applies retroactively to taxable years beginning April 1, 1987.

16. Since Subsection A, Paragraph 12 (the section applicable to the Debtor) was not effective until April of 2011, there remains a possibility that *even if* City could have taxed a rent that was never paid, that the section will be deemed to apply retroactively, and City will have to pay back to Debtor any funds that Debtor pays to City on the alleged debt.

## **CONCLUSION**

17. Based on the foregoing, the Debt as City claims is invalid for three important reasons: (i) Debtor never received a rent check for City to tax; (ii) City fails to provide any sort of basis for how it arrived at a rental figure from which to tax the Debtor on; and (iii) A.R.S. § 42-6004(A)(12) bars any taxes whatsoever from April 2011 to the present, and may apply retroactively as to the entire claim. City's claim against the Debtor is invalid and baseless.

WHEREFORE, the debtor moves the Court for relief as follows:

1. That the Court strike Proof of Claim #3.
2. That the Proof of Claim be disallowed;
3. That City be precluded from filing any amended, modified or substituted claim in this case;

4. That the Debtor has such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 14th day of October 2011

**JOHNSON FINDSEN & KINNEY, PLLC**

By: */s/Kyle A. Kinney*
Kyle Kinney Bar No. 027189

A true and accurate copy of the
Above stated document has been
sent, via first class mail, to the following
parties this 14th day of October, 2011

OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE
SUITE 204
PHOENIX, AZ 85003

RUSSELL BROWN
CHAPTER 13 TRUSTEE
SUITE 800
3838 NORTH CENTRAL AVENUE
PHOENIX, AZ 85012-1965
602-277-8996

By: */s/KAK*